# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2835

———————

Allen Bishop,

                Appellant,

v.

Ken Savage, director of Fort
Smith Transit Department,

                Appellee.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Western
\*   District of Arkansas.
\*
\*   [UNPUBLISHED]
\*
\*

———————

Submitted: November 22, 2010
Filed: December 16, 2010

———————

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Allen Bishop appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. In his complaint, Bishop asserted that he was subjected to racial discrimination when bus drivers employed by the Fort Smith Transit Department refused to stop for him when he signaled to them from locations

———————

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.

that were not designated as bus stops, which he alleged he was permitted to do under the terms of the Fort Smith Transit Ride Guide. Upon careful de novo review, viewing the evidence and all reasonable inferences from it in a light most favorable to Bishop, see Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 884-85 (8th Cir. 2009), we conclude that summary judgment was proper. We agree with the district court that Bishop effectively sued only the City of Fort Smith (City), and that the City could not be liable under section 1983 because Bishop did not allege that his rights were violated as a result of an official policy or custom of the City. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535-36 (8th Cir. 1999) (unless pleading expressly and unambiguously states public official is sued in individual capacity, defendant is assumed to be sued in official capacity; suit against public employee in his or her official capacity is merely suit against public employer; political subdivision may be held liable for unconstitutional acts of its officials or employees only when those acts implement or execute unconstitutional policy or custom of subdivision); see also McGautha v. Jackson Cnty., Mo., Collections Dep't, 36 F.3d 53, 55 (8th Cir. 1994) (when official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than subordinate's departures from them, are act of municipality; proof of single incident of unconstitutional activity is insufficient to establish custom or practice).

Accordingly, the judgment is affirmed. See 8th Cir. R. 47B.

_____